## Hess's Estate.

*Boyd Lee Sphar* (of *Ballard, Spahr, Andrews & Ingersoll*), for appellants.
*J. Lee Patton*, for Register of Wills, agent for the Commonwealth.

THOMPSON, J., Nov. 3, 1928.—This appeal comes before me because the State Appraiser, appointed by the Register of Wills, included in his appraisement for inheritance tax purposes, not only the individual estate of Alice Hess, the testatrix, but also the portion of the estate of her father, David M. Hess (who died Sept. 3, 1907), over which she had a general power of testamentary appointment.

By her will, the testatrix, after directing the payment of her debts and funeral expenses, gave a specific legacy and several pecuniary legacies aggregating $14,000, of which the specific legacy and $11,000 are given to others than lineal descendants of David M. Hess; and by the seventh item of her will, gave all the rest, residue and remainder of her estate, real and personal, to her two sisters (also daughters of David M. Hess), Mabel Davis Hess and Lilian D. Royal, the appellants.

By the eighth item of her will, she provided as follows:

"Eighth. I direct that all the taxes upon my estate and on all legacies under this my will either state or federal shall be paid out of the principal of my estate. And I further direct that the legacies and bequests in this my last will shall be charged upon my interest in the estate of my deceased father, David M. Hess, over which I have a right of testamentary disposition under his last Will and Testament, and I hereby exercise this right over the portion of his estate now held in trust for me by the substituted Executors under the last Will and Testament of David M. Hess."

As appears from the petition for citation, the testatrix's net individual estate was appraised at $1685.95 (the difference between inventory, $8109.92, and debts, etc., $6413.97), the balance of $127,514.94 being the appraised value of the appointive estate, real and personal. The assessment of tax on the combined estates is $13,261.87, and the Commonwealth justifies its claim on the ground that her will shows testatrix's intention to blend the two estates for all purposes and to dispose of both as her own. On the other hand, the appellants contend that the will shows no intention of blending the two estates, and that all that the Commonwealth is entitled to is tax on $11,000 at 5 per cent. and at 10 per cent. on $1685.95, the balance of testatrix's individual estate.

What, then, was the intention of the testatrix to be gathered from her whole will?

As clearly appears from the will, the testatrix, in express terms, exercised her power of appointment at least as to the pecuniary legacies. She

expressly charges them upon her interest in the estate over which she had the right of testamentary disposition. Her own estate was thus subject only to the payment of her debts and expenses and the specific legacy; and she gives the residue to her sisters.

Following this, she charges the tax upon the legacies and bequests, whatever that may include, upon the residue of her individual estate, whether sufficient to pay the same or not. The legacies of $11,000, given to strangers, are, under any circumstances, liable to tax, and likewise the balance of testatrix's individual estate, before diminution by payment of the tax on $11,000. But the $11,000, being charged upon the estate of David M. Hess, is, however, liable only to a 5 per cent. tax; and, therefore, as to the excess charged thereon, the appeal is sustained; while, as to the imposition of the tax of 10 per cent. on the balance of testatrix's individual estate, the appeal is dismissed.

It is contended, however, on behalf of the Commonwealth, that the estate of David M. Hess, in excess of the sum of $11,000, is also subject to tax, on the ground that the testatrix so blended the two estates as to show an intention to dispose of both as her own.

It is obvious that, if the balance of the estate of David M. Hess does not pass under the residuary clause of the will, as defined by the testatrix herself in the subsequent direction that the legacies and bequests in her will shall be charged upon her interest in the estate of her deceased father, the testatrix did not in terms dispose of such balance at all, but its disposition results from operation of section 11 of the Wills Act of June 7, 1917, P. L. 403. The testatrix directs that the "legacies and bequests" in her will be paid out of her father's estate; and this language is perhaps broad enough to include the balance of her father's estate. But whether the disposition of such balance results from the operation of the Act of 1917, or whether the testatrix intended to dispose of it by the residuary clause of her will, the conclusion, it seems to me, must be the same.

In Mitchell's Estate, 7 D. & C. 387, the testator directed payment of his debts and expenses, but the appointment became effective by operation of the Act of 1917, and it was held that "it does not follow that because the donee of a power has subjected the appointed estate to his debts, he thereby intends to make it his own for all purposes, including the payment of legacies and the tax thereon. The direction to pay debts may, indeed, be a factor in the solution of the problem, but it is not decisive: Haven's Estate, 5 D. & C. 494; Hagen's Estate, 85 Pa. Superior Ct. 123; 285 Pa. 326."

The intent to blend the appointive estate with a donee's own must be plainly expressed or clearly implied: Hagen's Estate, 85 Pa. Superior Ct. 123. The Commonwealth argues that such implication arises from the fact that the testatrix, after directing the payment of her legacies out of the appointive estate, directed the tax thereon to be paid out of her individual estate. *Ergo*, she knew that estates were liable to tax, and must have known that, if the two estates were so liable, her individual estate would not be sufficient to pay it. But must the testatrix not also have known that, in so far as she appointed her father's estate to his lineal descendants, there would be no tax, and that her estate would be amply sufficient to pay the tax on gifts to strangers? It seems to me, therefore, that the effort to ascertain testatrix's intention is not advanced by considering either of these possibilities or probabilities.

As I view the matter, the testatrix's mind never contemplated the question of blending the two estates and disposing of both as her own; that her direc-

tion to pay tax out of her estate was merely to relieve the taxable legacies therefrom; and that, by the provisions following the residuary clause of her will, having disposed of the balance of her individual estate, her sole intention was to dispose of her father's estate; and, having carved out the pecuniary legacies, to dispose of the balance to the same persons to whom she had given the balance of her own estate; in other words, that the balance of the appointive estate should follow the same channels of distribution designed for the residue of her own estate: Hagen's Estate, *supra*.

The persons to take her individual estate are lineal descendants of the donor of the power in question, and not liable to tax.

Entertaining this opinion, the appeal from the assessment of any further tax is sustained.

And now, Nov. 3, 1928, it is ordered and decreed that the assessment of transfer tax be modified by the imposition of collateral inheritance tax at 5 per cent. on $11,000; at 10 per cent. on $1685.95, with interest to date of assessment from the time they respectively became due; and that, as to the balance of the tax, the appeal be sustained.